# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARRYL GUMM,

:

    Petitioner,                               Case No. 1:98-cv-838

:         District Judge Walter Herbert Rice

    -vs-                                       Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,       :

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Objections filed by both the Respondent (Doc. No. 198) and the Petitioner (Doc. No. 201) to the Magistrate Judge's Report and Recommendations on the merits in this case (the "Report," Doc. No. 196). Petitioner has filed a Response to the Warden's Objections (Doc. No. 200) and the Warden has also responded to Petitioner's Objections (Doc. No. 202).

The General Order of Assignment and Reference for the Magistrate Judges at Dayton allows them to reconsider reports or decisions when objections are made, without a separate order of recommittal under Fed. R. Civ. P. 72.

## Ground Three for Relief

The Report recommended conditionally granting the writ of habeas corpus on Gumm's Third Ground for Relief which reads:

> 3. The admission of evidence of prior bad acts of the Petitioner in his capital murder trial, which acts bear no relation to the offenses for which he was tried, violated his right to a fundamentally fair trial secured to him by the Due Process Clause and Eighth Amendment of the United States Constitution.

(Quoted in Report, Doc. No. 196, at 2.)

The Report recommended granting relief on this Ground based on

1. The admission, without any limiting instruction, of testimony from Phyllis Thacker, a former landlady of Gumm, that he stated that he "fucked a horse."

2. The admission of numerous hearsay statements accusing Gumm of prior bad acts, all contained in the Court Psychiatric Center's report and supporting documents.

(Report, Doc. No. 196, at 81.)

The Warden objects to the Report's conclusions on both bases.

### 1. The "Other Acts" Evidence

As to the "other acts" evidence, the Warden claims its admission was solely a matter of state evidentiary law which does not rise to the level of constitutional error, citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); and *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (Objections, Doc. No. 198, at 2). However, the Report recognized this principle, cited both *Estelle* and *Seymour*, and noted "erroneous admission of evidence, even of uncharged prior bad acts, does not necessarily implicate the Due Process Clause," citing Edward Imwinkelried, 2 Uncharged

Misconduct Evidence § 10:16 at 2, December 2008. The Report does not recommend granting relief because the state courts erred in applying state-created rules of evidence, but because the evidence admitted rendered the trial unfair.

The Warden argues that "evidence of prior sexual assaults or child molestation is routinely admitted as evidence," citing. "Evid. 413, 414, and 415." There are no Ohio Rules of Evidence which bear these numbers, so presumably respondent is referring to Fed. R. Evid. 413, 414, and 415. Fed. R. Evid. 413 permits admission of evidence of "similar crimes" in sexual assault cases, Fed. R. Evid. 414 permits admission of prior offense of child molestation in child molestation cases, and Fed. R. Evid. 415 relates only to civil cases. These three Rules were adopted directly by Congress and the Judicial Conference of the United States urged Congress to "reconsider its policy determinations" underlying these Rules and recommended alternatives which would have been more in keeping with traditional evidentiary concerns about prior bad acts. (See Judicial Conference Report of February 9, 1995, reprinted in Federal Criminal Code and Rules, 2009 edition, after Fed. R. Evid. 413.) In addition, it is unlikely the prior conduct would have qualified since bestiality is not an offense under Chapter 109A or under Fed. R. Evid. 413. Finally, and most important, the fact that an item of evidence might be admissible under a Rule of Evidence does not resolve the question whether its admission renders the trial fundamentally unfair.

The Warden says this Court must presume the jurors followed instructions to consider the prior bad acts only for proper purposes (Objections, Doc. No. 198, at 3). However the Report concluded "no limiting instruction respecting Thacker's testimony about the horse was given; not when the testimony was elicited, not when the prosecutor repeated it in his rebuttal argument, and not in the charge to the jury." (Report, Doc. No. 198, at 66). The Warden's Objections offer no

record reference to contradict this finding.

The Warden argues that Ohio R. Evid. 404(B) allows evidence of prior bad acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Of course the same Rule embodies the common law prohibition on evidence of character to prove conduct in conformity with character. And yet that is precisely what was done here. How is the prior bestiality, even if it occurred, evidence of opportunity or plan or identity? It is evidence of sexual deviance offered to prove Petitioner was a sexual deviate likely to commit other acts of sexual deviance, including pedophilia.

2.     **The Unconfronted Hearsay in the Court Psychiatric Center Report**

The other prior bad acts evidence which the jury heard consisted of double, triple, or even quadruple hearsay. Since Gumm was tried before *Crawford v. Washington*, 541 U.S. 36 (2004), and it is not retroactive in its application, the governing Supreme Court standard is *Ohio v. Roberts*, 448 U.S. 56 (1980). As demonstrated in the Report, the prosecutor did not demonstrate or even attempt to demonstrate that the declarants were unavailable for trial. Nor did the prosecutor satisfy the indicia of reliability also required under *Roberts* and *Dutton v. Evans*, 400 U.S. 74, 89 (1970).

The Warden objects that this claim was never presented to the Ohio Supreme Court and is therefore unexhausted (Objections, Doc. No. 198, at 5). In the Report, the Magistrate Judge acknowledged that this claim had not been presented to the Ohio Supreme Court, but noted that the Warden had raised no procedural default defense (Report, Doc. No. 198, at 71-72).

The Warden's suggestion of lack of exhaustion is not well taken. A habeas claim is unexhausted only if the petitioner has some presently available state court remedy for the claim, which Petitioner does not. See the discussion of the distinction of lack of exhaustion and procedural default in *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 186-187 (6th Cir., 2004).

The Warden also objects that, (1) because the report formed the basis of the expert testimony, it had to be admissible under Ohio R. Evid. 703 and (2) Gumm's trial counsel did not object to admission of the report. The first of these objections turns Rule 703 on its head. That Rule does not make material admissible because an expert relied on it. Rather, it limits expert opinions to those based on admissible evidence. The second objection is related and also misses the point. Trial counsel moved to admit the report – it was the only way the defense expert could offer his opinion. But they also moved to redact the prejudicial prior bad acts evidence. (Report, Doc. No. 198, at 74, citing Trial Tr. at 907-12.)

Having considered the Warden's Objections, the Magistrate Judge again respectfully recommends that a conditional writ be issued on Ground Three

**Ground Four for Relief**

In his Fourth Ground for Relief, Petitioner claims that cumulative prosecutorial misconduct denied him a fair trial (Ground Four quoted in Report, Doc. No. 198, at 2). As evidence, he relied on the prosecutor's introduction of the evidence complained of in Ground Three, as well as "evidence of Gumm's drinking, sexual drive, and sexual habits, as well as the prosecutor's

invitation to jurors to imagine Aaron Raines' terror and prayers for help " (Report, Doc. No. 198, at 83, quoting Petition, Doc. No. 157 at 52-56.) The Report found only that portion of Ground Four complaining of the evidence discussed in Ground Three was preserved for habeas review, the balance being procedurally defaulted. *Id.*

The Warden's objection is that this Court should defer to the Ohio Supreme Court's conclusion that the prosecutor's misconduct did not deny Gumm a fair trial. For reasons set forth in the Report which do not require repeating, the Magistrate Judge concludes the Ohio Supreme Court's decision in this regard was an objectively unreasonable application of federal law. The Petition should be granted conditionally on the Fourth Ground for Relief.

## Petitioner's Objections

## First Ground for Relief

In his first ground for relief, Gumm contends that the statements he made during his interrogation and subsequently videotaped walk-through of the crime scene were obtained in violation of his federal constitutional rights under *Miranda v Arizona*, 384 U.S. 436 (1966). (Petition, Doc. No. 157 at 20-27.) Essentially, Gumm argues that his waiver of his *Miranda* rights was neither knowing, voluntary, nor intelligent because he is mentally retarded. *Id*.

The Report concluded Gumm had not shown any coercive police activity of the sort required by *Colorado v. Connelly*, 479 U.S. 157, 161-62 (1986), such that the Ohio Supreme Court's conclusion on this claim was an objectively unreasonable application of *Miranda* and its progeny. On that basis, the Report recommended denying Ground One.

Petitioner offered evidence on this claim at the second evidentiary hearing in this habeas case which the Magistrate Judge received only conditionally. Having considered the question thoroughly, the Magistrate Judge then refused to consider the evidence in rendering the Report because Petitioner could have, but did not, present that evidence at his first evidentiary hearing in this Court. Petitioner objects that he did not discover this evidence until after the Supreme Court rendered its decision in *Atkins v. Virginia,* 536 U.S. 304 (2002), only after which "counsel for Petitioner was allowed to pursue Petitioner's mental retardation issue." (Objections, Doc. No. 201, at 2).

The Magistrate Judge disagrees. *Atkins* did not make mental retardation relevant for the first time in this or any other case in which a defendant claims to be mentally retarded. Rather, the new law created by *Atkins* is that the mentally retarded may not be executed. Gumm's claim that his mental retardation rendered his confession involuntary has been available to him from the time this case began in the Common Pleas Court. The state courts, which reached a fresh judgment on the issue created by *Atkins*, also recognized the distinction and refused to reconsider the voluntariness of the confession on this basis of Petitioner's mental illness.

The Objections contain a lengthy discussion of whether Petitioner's request for a second evidentiary hearing met the standards which would be applied to a motion for new trial. (Objections, Doc. No,. 201, at 3-5.) Of course, Fed. R. Civ. P. 59 is not directly in point because there has never yet been a judgment in this case. By analogy, however, the Magistrate Judge believes a Petitioner who has once had an evidentiary hearing in a habeas case and later seeks a second hearing before judgment is entered, is bound to meet something like the Rule 59 standard of showing why he did not discover the evidence before. This would be true in any case tried to the bench where a party had failed to discover evidence prior to trial, but found the evidence after the record was closed but before a decision: the party should have to justify why the evidence was not presented at trial. Otherwise, at least with bench-tried matters, trial judges would constantly be chasing finality. That was the standard the Magistrate Judge imposed here and which Petitioner failed to meet as to evidence submitted at the second evidentiary hearing or even evidence obtained and presented on this point to the state court in the post-*Atkins* post-conviction proceeding.

The United States Supreme Court has never held that a mentally-retarded person is *per se*

unable to make a valid confession. Here the state courts properly considered the totality of the circumstances of the confession and found that Mr. Gumm was sufficiently able to comprehend the *Miranda* process to make a valid waiver. The state court decision is not an objectively unreasonable application of *Miranda* and its progeny.

**Second Ground for Relief**

In his second ground for relief, Gumm contends that the state violated the holding of *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding material exculpatory evidence from him throughout his trial. (Petition, Doc. No. 157 at 27-32.)

The Report reviewed this claim *de novo* and found it to be without merit. Petitioner objects to that conclusion (Objections, Doc. No. 201, at 17-23). Having reviewed the Objections, the Magistrate Judge perceives no need for additional analysis of this claim beyond what is made in the Report.

**Third Ground for Relief**

As noted above, the Report recommends granting relief on this claim. Petitioner of course does not object, but notes – correctly – that the Report is in error in asserting that this issue was not addressed in the Reply. In fact, it was (See Traverse/Reply, Doc. No. 169, at 42-61). The Magistrate Judge apologizes for the error. However, the error does not lead to any further analysis

on this claim, which should be granted.

**Fourth Ground for Relief**

Petitioner concedes in his Objections (Doc. No. 201 at 26) that any error in the Report in addressing this claim by not dealing with improper victim impact comments by the prosecutor is rendered moot by vacation of the death penalty.

**Fifth Ground for Relief**

In his fifth ground for relief, Gumm contends his trial counsel provided ineffective assistance by failing to pursue other theories of defense, failing to conduct an adequate investigation, failing to object to prosecutorial misconduct and improper jury instructions, failing to request a continuance in the case, consenting to admission of the Court Psychiatric Center's file, and failing to move for a mistrial. (Petition, Doc. No. 157 at 57-66.)

The Report found this Ground for Relief procedurally defaulted for failure properly to present it to the state courts (Report, Doc. No. 196, at 95-96.) Petitioner objects that he preserved these claims by raising them in his Ohio App. R. 26(B) application and in the *Atkins* post-conviction proceeding (Objections, Doc. No. 201, at 28). However, only claims of ineffective assistance of appellate counsel can be raised in an Appellate Rule 26(B) application; making in

such an application a claim of underlying ineffective assistance of trial counsel does not preserve the underlying claim. *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it). Although Petitioner did attempt to raise these claims in the *Atkins* post-conviction proceeding, the state courts found them barred by *res judicata*. In other words, *Atkins* and *Lott* provided capital petitioners with a second post-conviction proceeding to raise the *Atkins* issue, but that did not reopen the whole case.

In the alternative, the Report recommends denying this Ground for Relief on the merits (Report, Doc. No. 196, at 96-100). Petitioner objects to this alternative holding (Objections, Doc. No. 201, at 28-29). No further analysis is needed on these claims beyond what is made in the Report.

**Sixth Ground for Relief**

In his sixth ground for relief, Gumm contends he was deprived of the effective assistance of his appellate counsel in his direct appeal in the state court. (Petition, Doc. No. 157 at 66-73.)

The Report recommended that this claim be denied on the merits, largely because the claimed errors by appellate counsel related to the capital sentence in this case (Report, Doc. No. 196, at 101-105.) Petitioner objects that, because there was still a capital sentence in the case as of the time of direct appeal, Petitioner was entitled to the assistance of counsel who were properly prepared to litigate a capital case at the appellate stage. While Petitioner is correct in this

assertion, to obtain relief on a claim of ineffective assistance of appellate counsel, he still must show he was prejudiced by counsel's poor performance. Because the capital sentence has been vacated, Petitioner is unable to show such prejudice.

## Seventh Ground for Relief

In his seventh ground for relief, Gumm contends he was brought from Kentucky to Ohio without regard for his right to be free from removal without proper process under Article IV, Section 2 of the United States Constitution. (Petition, Doc. No. 157 at 74-76.)

The Report recommended denying this Ground for Relief on the merits (Report, Doc. No. 196, at 106-110.) While Gumm objects, the Magistrate Judge finds no reason to supplement his analysis on this point.

## Ninth Ground for Relief[1]

In his ninth ground for relief, Gumm alleges he was unconstitutionally prejudiced by improper jury instructions on witness credibility, the requirement that a verdict be unanimous, the element of purpose, and causation. (Petition, Doc. No. 157 at 79-83.)

---

[1] The Report recommended denying the Eighth Ground for Relief on the merits and Petitioner makes no objection.

The Report concluded that this Ground for Relief was procedurally defaulted by failing to present it properly to the state courts. (Report, Doc. No. 196, at 113.) Petitioner objects that it was presented in his Ohio App. R. 26(B) Application, but as pointed out above, that does not preserve the underlying error. *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it). Because claims of ineffective assistance of appellate counsel are based on an analytically distinct legal theory from the underlying claims, the 26(B) application does not preserve the underlying claims from default. *Davie v. Mitchell,* 547 F.3d 297 (6th Cir. 2008)(Rogers, J.), and *Garner v. Mitchell,* 502 F. 3d 394 (6th Cir. 2007)(Moore, J.), both citing *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005); *Moore v. Mitchell,* 531 F. Supp. 2d 845, 862 (S.D. Ohio 2008)(Dlott, J.); see also *Bailey v. Nagle,* 172 F.3d 1299, 1309 n. 8 (11th Cir. 1999); and *Levasseur v. Pee*, 70 F.3d 187, 191-92 (1st Cir. 1995).

Petitioner argues that this Court has already held that lack of timeliness in filing an application to reopen under Ohio R. App. P. 26(B) is not an adequate and independent state ground of decision, citing *Landrum v. Anderson*, 185 F. Supp. 2d 868 (S.D. Ohio 2002)(Merz, M.J.), and *Franklin v. Anderson*, 434 F. 3d 412 (6th Cir. 2006)(on appeal from this Court, to the same effect). However, the analysis in both *Landrum* and *Franklin* is time-sensitive: the fact that state courts may not be firmly and regularly enforcing a rule at one point in time does not foreclose that rule from becoming regularly enforced.

Cases subsequent to the consideration of *Landrum* and *Franklin* in the Ohio Supreme Court show that the timeliness provision of the Rule is now being regularly enforced. In this very case, *State v. Gumm*, 103 Ohio St. 3d 162 (2004), the court enforced the 90-day rule

Petitioner, stating "[c]onsistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *Id.* at 163. In *Twyford v. State*, 106 Ohio St. 3d 176 (2005), a successive 26(B) application in a capital case, the court enforced the 90-day rule where Twyford had waited over five years, relying on *Morgan v. Eads*, 104 Ohio St. 3d 142 (2004). In *State v. Hancock*, 108 Ohio St. 3d 194 (2006), the court affirmed dismissal of a 26(B) application which was untimely filed.

Because the timeliness portion of Ohio App. R. 26(B) is an adequate and independent ground of decision in this case, the Ninth Ground for Relief should be denied as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends, as he did in the Report, that the writ be granted conditionally on Grounds Three and Four and otherwise denied.

January 5, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

**Because of the age of this case, no extensions of time on the objection period will be granted.**