IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARRYL GUMM, | : |
|     Petitioner, | : |
| vs. | :   Case No. 1:98-cv-838 |
| | :   JUDGE WALTER HERBERT RICE |
| BETTY MITCHELL, Warden, | : |
|     Respondent. | : |

DECISION AND ENTRY SUSTAINING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT (DOC. #213) AND STRIKING FOOTNOTE 3 ON PAGE 17 OF MARCH 29, 2011, DECISION AND ENTRY GRANTING IN PART PETITIONER'S THIRD AMENDED PETITION FOR WRIT OF HABEAS CORPUS (DOC. #208); RULING ON SCOPE OF THIRD CLAIM FOR RELIEF EXPANDED TO INCLUDE IMPROPER TESTIMONY ELICITED FROM CHARLOTTE BAKER

On March 29, 2011, the Court granted Petitioner's Third Amended Petition for Writ of Habeas Corpus on the Second, Third, and Fourth Claims for Relief (Doc. #208). In connection with the Third Claim for Relief, targeted at the prosecutor's improper introduction of evidence of prior bad acts, the Court found that Petitioner had abandoned his argument that the prosecutor was improperly allowed to impeach his own witness, Charlotte Baker (Doc. #208 at 17 n.3).

At trial, the prosecutor asked Ms. Baker what Petitioner told her he would do if he could *not* have sex with one particular person. When Baker did not give the desired response, the prosecutor impeached Baker, asking her to review a statement she gave to a representative of the psychiatric clinic. Baker then

testified about what Petitioner said he would do when he *had* sex with that person. The prosecutor subsequently asked Baker whether Petitioner had also told her that he was so hard up that would have sex with anyone. Petitioner's objection to that question was overruled. Baker denied that Petitioner had said that. Nevertheless, Petitioner argues that "the jury would certainly remember the question and not the answer," (Doc. #201 at 24) and would be left with the impression that he had a propensity to commit bad acts.

In its March 29, 2011, Decision and Entry, the Court noted that this argument was overlooked by the Magistrate Judge in his Report and Recommendations. The Court also stated that "Petitioner did not raise it in his objections." *Id.* On April 15, 2011, Petitioner filed a Motion to Alter or Amend the Judgment (Doc. #213). He points out that, in his Objections to the Magistrate Judge's Report and Recommendations, he did, in fact, address the Magistrate Judge's oversight with respect to this argument, again arguing that the introduction of Charlotte Baker's prejudicial testimony further supported the decision to grant the writ on the Third Claim for Relief (Doc. #201 at 23-25).[1]

---

[1] The Magistrate Judge then issued a Supplemental Report and Recommendations (Doc. #203), but again failed to address Petitioner's argument concerning Charlotte Baker's testimony. In his Supplemental Objections to the Supplemental Report and Recommendations (Doc. #204), Petitioner stated that he relied on his original Objections and incorporated them by reference. He further stated that he would object only to new issues raised in the Supplemental Report and Recommendations.

2

Since Petitioner did not abandon his argument concerning the admission of Charlotte Baker's testimony, as the Court claimed he did, he moves the Court, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend its March 29, 2011, Judgment to include, as an additional ground on which to grant the Third Claim for Relief, Baker's improper impeachment testimony.

Respondent filed a Memorandum in Opposition to Petitioner's Motion to Alter or Amend Judgment (Doc. #214). Respondent concedes that Petitioner adequately preserved his argument, but contends that the Supreme Court of Ohio's conclusion, that the admission of Baker's testimony did not deprive Petitioner of a fundamentally fair trial, was objectively reasonable.

As a threshold matter, the Court notes that Respondent filed a Notice of Appeal on April 12, 2011, three days before Petitioner's Motion to Alter or Amend Judgment was filed. Normally, the filing of a Notice of Appeal divests the district court of jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, Federal Rule of Appellate Procedure 4(A) and (B) provides that if a party files a notice of appeal before a district court rules on a timely motion to alter or amend a judgment, that notice of appeal becomes effective only when the district court's order disposing of that motion is entered. Accordingly, the fact that the notice of appeal was filed before the instant motion was filed is of no consequence. *See, e.g., Smith v. Penn Central Corp.*, No. 87-1169, 1987 WL 37207, at *1 (6th Cir. April 28, 1987) (construing a previous

3

version of Fed. R. App. P. 4). The Court therefore finds that it has jurisdiction to adjudicate Petitioner's motion.

In *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), the court held that motions to alter or amend a judgment under Rule 59(e) may be granted if there is clear error of law, newly discovered evidence, or to prevent manifest injustice. Although Petitioner has not identified the grounds upon which his motion rests, it is obviously not based on an alleged clear error of law or newly discovered evidence. This leaves only the prevention of "manifest injustice."

In the Court's view, Petitioner's motion must be sustained in order to prevent manifest injustice. The Court's finding that Petitioner had abandoned his argument concerning Charlotte Baker's testimony was simply wrong. As noted above, Petitioner did, in fact, address the Magistrate Judge's oversight in his Objections to the Report and Recommendations. Petitioner again argued that Baker's testimony was irrelevant and was offered only for the purpose of inflaming the jury. He stated that Ms. Baker's testimony "further supports the Magistrate's decision to recommend that the writ be granted." (Doc. #201 at 25). Moreover, by incorporating his original Objections in his Supplemental Objections to the Magistrate Judge's Supplemental Report and Recommendations (Doc. #204 at 1), he preserved that argument.

The Court agrees that Charlotte Baker's impeachment testimony was irrelevant and inflammatory. Standing alone, it might not rise to the level of a constitutional violation but, when viewed collectively with the prosecutor's introduction of other "prior bad acts" evidence, *i.e.*, Phyllis Thacker's testimony and Petitioner's psychiatric records, that the Court has already found to be objectionable, it must be deemed prejudicial.

For the reasons stated above, the Court sustains Petitioner's Motion to Alter or Amend the Judgment (Doc. #213). The Court strikes footnote 3 on page 17 of its March 29, 2011, Decision and Entry (Doc. #208), and expands the basis for granting Petitioner's Third Claim for Relief to include the improper testimony of Charlotte Baker, as outlined above.

April 26, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Clerk, Sixth Circuit Court of Appeals