# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DARRYL GUMM,

        Petitioner,        :    Case No. 1:98-cv-838

  - vs -                        District Judge Walter Herbert Rice
                              Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,
Mansfield Correctional Institution,

                                  :

        Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Respondent's Motion for an Entry of Compliance with the Conditional Writ (Doc. No. 223). The Motion indicates Petitioner's counsel will not oppose the Motion. *Id.* at PageID 1952. On the Magistrate Judge's order to supplement the record, the Warden has filed a certified copy of the Entry Vacating Judgment filed in the Hamilton County Common Pleas Court on February 19, 2015 (Doc. No. 224-1).

On December 22, 2014, the Sixth Circuit affirmed this Court's grant of a conditional writ of habeas corpus. *Gumm v. Mitchell*, 775 F.3d 345 (6th Cir. 2014). The conditional writ this Court issued required that "the state conduct a new trial of Petitioner within 180 days from the date of final judgment in these proceedings." (Decision and Entry, Doc. No. 208, PageID 1306.) After affirmance by the Sixth Circuit, the Court entered its Order Vacating Stay and noted that the State's time to retry Petitioner under the conditional writ runs until August 8, 2015." (Doc. No. 222, PageID 1951.)

1

The State of Ohio has not complied with the conditional writ in that it has not retried Darryl Gumm although it appears it intends to do so from the pretrial proceedings docketed in the attachment to the Motion. The State has not released Gumm and continues to hold him on a $1,000,000 bond (Doc. No. 223-1).

Nevertheless, the Entry Vacating Judgment deprives this Court of further jurisdiction to enforce the conditional writ. A district court retains jurisdiction in a habeas proceeding "to determine whether a party has complied with the terms of a conditional order." *Ward v. Wolfenbarger,* 2009 U.S. App. LEXIS 18444 at *5 (6th Cir. Mich. 2009), *quoting Patterson v. Haskins*, 470 F.3d 645, 667 (6th Cir. 2006) (citation omitted). "[T]he conditional nature of the writ also places within the district court the power to determine that its order has been substantially complied with and release is not warranted." *Id.* at *6, *quoting McKitrick v. Jeffreys,* 255 F. App'x 74, 76 (6th Cir. 2007).

The broad discretion of the habeas court in fashioning a proper remedy allows a district court to bar the state from reprosecuting the habeas petitioner in "extraordinary circumstances." *D'Ambrosio v. Bagley*, 656 F.3d 379 (6th Cir.2011), *citing Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006), and *Girts v. Yanai*, 600 F.3d 576 (6th Cir. 2010). The authority of a district court to issue an unconditional writ with a prohibition of reprosecution depends on whether the State has vacated the conviction or not. *D'Ambrosio*, 656 F.3d 379.

The State may react to a conditional writ by releasing the prisoner, then rearresting him on the underlying information. At that point the federal court would lack jurisdiction under 28 U.S.C. § 2254 to make the writ unconditional. *Eddleman v. McKee*, 586 F.3d 409 (6th Cir. 2009); accord *Gillispie v. Warden,* 771 F.3d 323 (6th Cir. 2014). The court's theory is that the defendant is no longer in custody on the unconstitutional judgment.

> More to the point here, the limitation also means that, once the unconstitutional judgment is gone, so too is federal jurisdiction under § 2254. And thus, in a typical case where a prisoner's conviction is vacated "because a state fails to retry [him] by the deadline set in a conditional writ, 'the state is not precluded from rearresting petitioner and retrying him under the same indictment.'" *Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006) (quoting *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985) (emphasis added)), cert. denied, 549 U.S. 1281, 127 S. Ct. 1832, 167 L. Ed. 2d 322 (2007). That a petitioner's first trial was unconstitutional in some respect, generally does not mean he can never be tried again. The power to "release" a prisoner under § 2254 normally is not a power to release him forever from the underlying charge. It is the power, instead, only to release him from custody pursuant to the unconstitutional judgment.

*Id*. at 412.

Accordingly, it is respectfully recommended that the Court deny the Motion insofar as it requests an acknowledgement of compliance with the conditional writ, but acknowledge the effect of the Entry Vacating Judgment by dismissing this case without prejudice for lack of jurisdiction to enforce the writ further.

March 5, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).